IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLIED MATERIALS, INC. and APPLIED MATERIALS ISRAEL, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> NEGEVTECH, INC., and NEGEVTECH LTD., <br><br> Defendants. | No. C 04-03656 SI <br><br> **ORDER DENYING DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS** |

By letter briefs, the parties bring to the Court a dispute regarding plaintiffs' production of documents pursuant to Patent L.R. 3-2(b) and defendants' Second Set of Requests for Production of Documents.[1]

**1.     Patent L.R. 3-2(b)**

Defendants request that the Court order plaintiffs to produce all documents responsive to Patent L.R. 3-2(b). Plaintiffs ask the Court to modify their obligations for production, as provided in Patent L.R. 1-2. Defendants do not identify what purpose the documents requested under this provision will serve; instead, they argue that production is mandatory. Plaintiffs argue that it is not necessary to produce documents under Patent L.R. 3-2(b) because those documents relate only to establishing a date of invention or supporting invalidity theories and neither apply in this case.

This Court has already rejected any invalidity defenses for defendant. Additionally, plaintiffs have already conceded that the date of invention was November 16, 1990, when Israel Patent Application No.

---

[1] Specifically, defendants request production of documents responsive to Requests No. 2-3, 5-8, 10, 13, 42, and 43.

096362 was filed. See Defs.' Mot., Ex. 1 at 6. Therefore, plaintiffs are not trying to establish a date of invention that is earlier than the application filing date through conception documents. Defendants present no argument for the relevance of the documents under Patent L.R. 3-2(b). The Court DENIES defendants' motion for production of documents pursuant to Patent L.R. 3-2(b).

### 2. Assignor estoppel and inequitable conduct

The Court has already held that defendants are not entitled to production of documents on the basis of their relevance to the issue of assignor estoppel. See 7/14/05 Order [Docket # 107]. Additionally, the Court has already granted plaintiffs' motion to strike defendants' defense of inequitable conduct. See 12/21/04 Order [Docket # 26]. Therefore, the Court DENIES defendants' request on this basis.

### 3. Claim construction

Defendants argue that the requested documents are relevant to claim construction and should be produced. Defendants present no case law in support of their argument that conception documents are relevant to claim construction. Hewlett-Packard Co. v. Acuson Corp., 1993 U.S. Dist. LEXIS 6449, *9-10 (N.D. Cal. 1993), which defendants rely upon, makes no mention of conception documents and instead discusses prior art. Therefore, the Court DENIES defendants' request on this basis.

### 4. Pulsed lasers documentation

Defendants request that plaintiffs comply with Requests No. 42 and 43 because plaintiffs' research and analysis of illumination sources is relevant. Defendants argue that this information is relevant because it contends that its system uses a pulsed laser scanner, while the '921 patent described a "flying spot" laser scanner, and that the documents sought will demonstrate this.

However, plaintiffs' analysis or development of pulsed lasers is not relevant in determining whether defendants' product infringes on plaintiffs' patent. Instead, defendants' product and the claims asserted against defendants are relevant. Therefore, the Court DENIES defendants' request.

**IT IS SO ORDERED.**

Dated: September 6, 2005

SUSAN ILLSTON
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLIED MATERIALS, INC. and APPLIED MATERIALS ISRAEL, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> NEGEVTECH, INC., and NEGEVTECH LTD., <br><br> Defendants. | No. C 04-03656 SI <br><br> **ORDER DENYING DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS** |

By letter briefs, the parties bring to the Court a dispute regarding plaintiffs' production of documents pursuant to Patent L.R. 3-2(b) and defendants' Second Set of Requests for Production of Documents.[1]

**1.    Patent L.R. 3-2(b)**

Defendants request that the Court order plaintiffs to produce all documents responsive to Patent L.R. 3-2(b). Plaintiffs ask the Court to modify their obligations for production, as provided in Patent L.R. 1-2. Defendants do not identify what purpose the documents requested under this provision will serve; instead, they argue that production is mandatory. Plaintiffs argue that it is not necessary to produce documents under Patent L.R. 3-2(b) because those documents relate only to establishing a date of invention or supporting invalidity theories and neither apply in this case.

This Court has already rejected any invalidity defenses for defendant. Additionally, plaintiffs have already conceded that the date of invention was November 16, 1990, when Israel Patent Application No.

---

[1] Specifically, defendants request production of documents responsive to Requests No. 2-3, 5-8, 10, 13, 42, and 43.

096362 was filed. See Defs.' Mot., Ex. 1 at 6. Therefore, plaintiffs are not trying to establish a date of invention that is earlier than the application filing date through conception documents. Defendants present no argument for the relevance of the documents under Patent L.R. 3-2(b). The Court DENIES defendants' motion for production of documents pursuant to Patent L.R. 3-2(b).

**2.   Assignor estoppel and inequitable conduct**

The Court has already held that defendants are not entitled to production of documents on the basis of their relevance to the issue of assignor estoppel. See 7/14/05 Order [Docket # 107]. Additionally, the Court has already granted plaintiffs' motion to strike defendants' defense of inequitable conduct. See 12/21/04 Order [Docket # 26]. Therefore, the Court DENIES defendants' request on this basis.

**3.   Claim construction**

Defendants argue that the requested documents are relevant to claim construction and should be produced. Defendants present no case law in support of their argument that conception documents are relevant to claim construction. Hewlett-Packard Co. v. Acuson Corp., 1993 U.S. Dist. LEXIS 6449, *9-10 (N.D. Cal. 1993), which defendants rely upon, makes no mention of conception documents and instead discusses prior art. Therefore, the Court DENIES defendants' request on this basis.

**4.   Pulsed lasers documentation**

Defendants request that plaintiffs comply with Requests No. 42 and 43 because plaintiffs' research and analysis of illumination sources is relevant. Defendants argue that this information is relevant because it contends that its system uses a pulsed laser scanner, while the '921 patent described a "flying spot" laser scanner, and that the documents sought will demonstrate this.

2

However, plaintiffs' analysis or development of pulsed lasers is not relevant in determining whether defendants' product infringes on plaintiffs' patent. Instead, defendants' product and the claims asserted against defendants are relevant. Therefore, the Court DENIES defendants' request.

**IT IS SO ORDERED.**

Dated: September 6, 2005

SUSAN ILLSTON
United States District Judge